[S.F. No. 23293. In Bank. Dec. 24, 1975.]

EDMUND BRODERICK SCHULTZ, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

**COUNSEL**

Edmund Broderick Schultz, in pro. per., for Petitioner.

Herbert M. Rosenthal and Ronald W. Stovitz for Respondent.

**OPINION**

**THE COURT.**—This is a proceeding to review a recommendation of the Disciplinary Board of the State Bar of California that petitioner be suspended from the practice of law in this state for one year on conditions of probation, including actual suspension for the first month.[1] Petitioner has practiced law in California since his admission to the State Bar in 1965 without record of previous discipline.

The disciplinary board's recommendation is based on findings by a local administrative committee of the State Bar that, in two instances, petitioner unintentionally, through gross negligence, violated his oath and duties as an attorney. (Bus. & Prof. Code, §§ 6103, 6067, 6068.)

The local administrative committee, at its hearing on July 17, 1975, based its findings on a comprehensive set of stipulations[2] entered into

---

[1] The board also recommended the following further conditions of probation: compliance with the State Bar Act and Rules of Professional Conduct; filing of quarterly reports with the State Bar; review by a certified public accountant of petitioner's handling of clients' funds and petitioner's financial records; and answering fully, promptly and truthfully any inquiries by authorized representatives of the disciplinary board relating to petitioner's compliance with the terms of his probation. Petitioner seeks modification only of the condition that he be actually suspended from practice for the first month of the one-year probation period. Accordingly only this condition of probation is under review.

[2] The stipulation was entered into pursuant to rules 14.9 and 34.1, Rules of Procedure of the State Bar. We refer to the document by its title, although it might also be regarded

between petitioner and the State Bar examiner. The stipulations consist of six pages and eleven attached exhibits. The only additional evidence received by the committee was petitioner's sworn testimony and his written statement, each of which was limited to mitigation of the discipline. The details of petitioner's misconduct are consequently limited to the information contained in the stipulation.

With regard to the first count, the committee found that in December 1971 petitioner filed a complaint in the United States District Court, Northern District, California, case No. C-71-2110 SAW, entitled "Gaylord Pickens, et al., vs. San Francisco 49er's, et al.," without the express consent or authority of plaintiff Pickens. Petitioner did not actually intend to deceive the court, the committee found, but had negligently relied upon the representation of a third party without personally consulting Pickens.

The committee found on the second count that between June 1970 and August 1971 petitioner commingled and misappropriated funds received from a client, Clyde O. Fleckner, for transmittal to the client's former wife for spousal and child support and to her attorney for fees. During this period petitioner received a total of $2,550 from Clyde O. Fleckner but transmitted only $1,900 to Mrs. Fleckner. He sent the final $650 to Mrs. Fleckner after the State Bar examiner had determined the exact amount owing and had verified Mrs. Fleckner's current address. It is undisputed that petitioner commingled $1,400 of the $2,550 Clyde O. Fleckner had transmitted to him, and petitioner misappropriated about $1,250 of these trust funds.

In mitigation the committee found that "Respondent was going through a period of considerable professional and personal turmoil during the period of these violations." Petitioner testified that in March of 1970 his law partner struck him in the face, fracturing petitioner's jaw, which required hospitalization. Subsequently a suit was filed for dissolution of the partnership and a receiver was appointed. In June of 1970 petitioner's wife of ten years left him, taking his nine-year-old daughter; his wife later sued for dissolution of their marriage. About this time petitioner lost his $70,000 home, automobiles, boat, trailer and vacation property as a result of pending taxes and private debts.

---

as an admission, since petitioner himself agreed to the statements contained therein. (See *Spindell* v. *State Bar* (1975) 13 Cal.3d 253, 261, fn. 5 [118 Cal.Rptr. 480, 530 P.2d 168].)

Petitioner testified further that, during this period, he was unable financially to employ a permanent secretary or accountant, and he felt compelled to constantly change bank accounts to prevent attachment by creditors. As a result he lost control of his records and financial accounts, which led to his negligent commingling and the misappropriation of a client's funds.

Petitioner's second marriage, in 1971, ended after two months when his new wife retained his former law partner as her counsel in a successful suit to annul. Petitioner understandably became despondent and began regular consultations with a psychiatrist.

The committee concluded by finding that petitioner did not at any time act with premeditation, intentional deceit or intentional misrepresentation. Based on these findings the local administrative committee recommended that petitioner be given private reproval.

The disciplinary board adopted these findings but recommended, by a vote of ten to two, that petitioner be suspended from practice for one year on conditions of probation, including one month actual suspension. The two members of the board voting against the recommendation believed that no actual suspension should be imposed as a condition of probation.

Petitioner does not contest the findings nor does he deny that through negligence he has violated his oath and duties as an attorney. Petitioner contends only that the one month actual suspension is excessive because of mitigating circumstances.

Misappropriation of funds entrusted to an attorney is a serious breach of professional ethics which may endanger the confidence of the public in the legal profession. (*Benson* v. *State Bar* (1971) 5 Cal.3d 382, 387 [96 Cal.Rptr. 30, 486 P.2d 1230].) The normal discipline in such cases is disbarment, in the absence of strong mitigating circumstances. (*Demain* v. *State Bar* (1970) 3 Cal.3d 381, 387 [90 Cal.Rptr. 420, 475 P.2d 652].) Nevertheless the purpose of disciplinary proceedings is not to punish, but to protect the public by judging the fitness of the attorney to continue in practice. (*Bradpiece* v. *State Bar* (1974) 10 Cal.3d 742, 748 [111 Cal.Rptr. 905, 518 P.2d 337]; *In re Kreamer* (1975) 14 Cal.3d 524, 532 [121 Cal.Rptr. 600, 535 P.2d 728].) Thus the particular discipline to be imposed must be based on a "balanced consideration of the relevant factors" rather than any "fixed formula." (*Bernstein* v. *State Bar* (1972) 6

Cal.3d 909, 919 [101 Cal.Rptr. 369, 495 P.2d 1289].) The local administrative committee unanimously recommended that Schultz be given private reproval, with no period of actual or probationary suspension. (*Benson* v. *State Bar* (1971) 5 Cal.3d 382, 388 [96 Cal.Rptr. 30, 486 P.2d 1230].) ■ Although in matters of discipline, as opposed to factual findings, the board's recommendation is weighed more heavily than that of the local administrative committee (*Toll* v. *State Bar* (1974) 12 Cal.3d 824, 831 [117 Cal.Rptr. 427, 528 P.2d 35]), this court has plenary power to make the final determination on the appropriate discipline. ■ In this case in reaching our decision we weigh the alleged mitigating circumstances.

Petitioner points out that he has not had previous disciplinary proceedings brought against him (*In re Cohen* (1974) 11 Cal.3d 416, 422 [113 Cal.Rptr. 485, 521 P.2d 477]); his actions did not cause any particular individual physical or financial harm (*Himmel* v. *State Bar* (1971) 4 Cal.3d 786, 798 [94 Cal.Rptr. 825, 484 P.2d 993]; see also *In re Higbie* (1972) 6 Cal.3d 562, 574 [99 Cal.Rptr. 865, 493 P.2d 97]); the committee and the board specifically found an absence of intentional wrongdoing (*Hallinan* v. *State Bar* (1948) 33 Cal.2d 246, 249 [200 P.2d 787]); and he made prompt and voluntary restitution as soon as the amount owing was determined.

We have also considered in determining that actual suspension should not be imposed as a condition of probation, petitioner's behavior since these events. Thus he has been candid and cooperative throughout these proceedings (*Demain* v. *State Bar* (1970) 3 Cal.3d 381, 388 [90 Cal.Rptr. 420, 475 P.2d 652]) and has demonstrated his remorse, his willingness to accept punishment, and his determination to rehabilitate himself (*In re Higbie* (1972) 6 Cal.3d 562, 574 [99 Cal.Rptr. 865, 493 P.2d 97]). In the three years since the events involved here, petitioner has established a new practice as a sole practitioner, and has earned the trust and confidence of his clients (*Bradpiece* v. *State Bar* (1974) 10 Cal.3d 742, 747 [111 Cal.Rptr. 905, 518 P.2d 337]).

After careful consideration of each of the mitigating circumstances referred to above, we conclude that the one-year suspension on conditions of probation, without any period of actual suspension, will be just and adequate discipline.

It is ordered that petitioner be suspended from the practice of law in this state for a period of one year, but that execution of the order be

stayed for a period of one year, and that he be placed on probation for said one-year period upon the conditions prescribed by the disciplinary board in this matter, excepting, however, any condition requiring a period of actual suspension. This order is effective 30 days after the filing of this opinion.