[L.A. No. 30557. June 29, 1976.]

ARTHUR A. WORTH, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

338

**COUNSEL**

Arthur A. Worth, in pro. per., and John H. Eversmeyer for Petitioner.

Herbert M. Rosenthal and Ronald W. Stovitz for Respondent.

OPINION

**THE COURT.**—Proceeding to review a recommendation of the Disciplinary Board of the State Bar (board) that petitioner be suspended from the practice of law for a period of three years on conditions of probation including one-year actual suspension.

Admitted to practice on July 31, 1952, petitioner is also a licensed real estate broker and a licensed contractor. He has not been the subject of previous disciplinary proceedings.

Petitioner's wholly owned corporation, Flight Deck Inn and Restaurant (Flight Deck), purchased a parcel of land in Los Angeles County. Petitioner planned to combine the property with two contiguous parcels and develop it by constructing apartment buildings. One parcel was owned by a Mr. and Mrs. Wilson with whom he had business relations and the other by the Department of Public Works. He apparently had an option to purchase the latter parcel.

Petitioner showed Mrs. Holzhauer, his law partner's 77-year-old mother, a chart of all three parcels telling her he intended to divide the property into 12 sections and sell 12 shares in the property for $12,500 per share. Mrs. Holzhauer believed that if she invested in the property there would be other investors besides herself and petitioner.

Although two of the three parcels of land were still owned by the Wilsons and the Department of Public Works, petitioner represented he owned all three parcels. He offered to form a partnership with himself as a general partner and Mrs. Holzhauer as a limited partner, informing her he would prepare a partnership agreement for her signature. Mrs. Holzhauer's son, and petitioner's law partner, did not participate in these negotiations.

On two separate occasions, Mrs. Holzhauer gave petitioner funds taken from her personal savings totalling $25,000 for two "shares" in petitioner's development. The first time Mrs. Holzhauer turned funds over to petitioner he gave her a receipt containing the notation, "Limited Partnership 2 shares ($12,500 each) Dominguez Real Estate Dev." Dominguez Real Estate Development never existed. Petitioner did not place Mrs. Holzhauer's $25,000 in a separate bank account. Instead, he deposited her money in three acounts of his wholly owned corporations

and his personal account. Petitioner did not maintain records or accounts of any kind concerning his disbursements of the $25,000.

Petitioner has never sent Mrs. Holzhauer a limited partnership agreement, completed a certificate of limited partnership or applied for a tax identification number. The Wilsons were granted a one-third interest in the parcel owned by Flight Deck. Other than the Wilsons, petitioner *did not obtain any additional investors.*

In November 1972, Mrs. Holzhauer received a letter from petitioner advising that he was having difficulties obtaining an environmental impact report and proposing that she sell her $25,000 interest for $30,000. Mrs. Holzhauer answered, informing petitioner she would agree to sell her interest if petitioner and a "majority of partial owners" thought it best to sell at that time. Mrs. Holzhauer's letter stated that she left the final decision whether to sell up to petitioner. Petitioner never responded to Mrs. Holzhauer's letter.

On January 30, 1973, Mrs. Holzhauer again wrote petitioner, reminding him of his failure to answer her previous letter and asking him to send her the partnership agreement. She also informed petitioner that she needed her money back to pay for medical care she was receiving. Petitioner did not respond to Mrs. Holzhauer's January 30, 1973, letter in writing. Instead, in March or April 1973, he telephoned Mrs. Holzhauer and told her he would give her some "mortgages" instead of returning her money. Mrs. Holzhauer refused to accept the mortgages. She suggested to petitioner that if he was short of money that he obtain a loan from the bank, using the mortgages as collateral.

When petitioner again failed to respond to her letters, Mrs. Holzhauer instituted a civil action against him for fraudulent misrepresentation and rescission of contract based on petitioner's failure to obtain a permit from the Corporations Commissioner prior to selling an interest in a limited partnership. After a jury trial, judgment was entered in Mrs. Holzhauer's favor for $25,000 compensatory damages, $3,880 interest, and $7,500 punitive damages. Petitioner did not appeal.

Mrs. Holzhauer was forced to resort to a sheriff's sale, pursuant to writ of execution, of petitioner's interest in residential real property.

The local committee found: (1) Having accepted Mrs. Holzhauer's investment, he owed her fiduciary duties and breached those duties by

failing to prepare an instrument setting forth the parties' rights, by commingling funds, and by failing to account. (2) Petitioner misrepresented his ownership of two of the parcels of property but believed his option to purchase the property owned by the Department of Public Works and his association with the Wilsons virtually constituted ownership. Petitioners' representations were "grossly negligent." And, (3) Mrs. Holzhauer relied on petitioner's experience and knowledge. The local committee recommended petitioner be disbarred.

In his three-page petition for writ of review, petitioner claims that he did not owe any fiduciary duty to Mrs. Holzhauer, alleging that he was a seller of a property interest who could use the sale proceeds for his private purposes. Petitioner has the burden in this proceeding to show that the findings of the disciplinary board are not supported by the evidence or that its recommendation is erroneous or unlawful. (*Lewis* v. *State Bar* (1973) 9 Cal.3d 704, 712 [108 Cal.Rptr. 821, 511 P.2d 1173].) He has not met the burden.

An attorney who accepts the responsibility of a fiduciary nature is held to the high standards of the legal profession whether or not he acts in his capacity of an attorney. He must maintain proper books of account and records of transactions, and he may not commingle client's funds or use them for personal purposes. (*Id.,* at p. 713; *Simmons* v. *State Bar* (1969) 70 Cal.2d 361, 365 [74 Cal.Rptr. 915, 450 P.2d 291]; *Clark* v. *State Bar* (1952) 39 Cal.2d 161, 166-170 [246 P.2d 1].)

Accordingly, it is ordered that petitioner be suspended from the practice of law for three years; that execution of the order be stayed; and that he be placed on probation for that period upon condition that he be actually suspended for the first year. We further order that prior to the end of petitioner's period of actual suspension, he pass the Professional Responsibility Examination. It is also ordered that petitioner comply with rule 955 of the California Rules of Court and that he be required to perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 days respectively after the effective date of this order. This order is effective 30 days after the filing of this opinion.