[L.A. No. 30797. Mar. 13, 1978.]

JOAN H. MARTIN, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

718

720

**COUNSEL**

Joan H. Martin, in pro. per., for Petitioner.

Herbert M. Rosenthal and Scott J. Drexel for Respondent.

OPINION

**THE COURT.**—This is a proceeding to review a recommendation of the Disciplinary Board of the State Bar of California that petitioner be suspended from the practice of law in this state for six months and be required to comply with the provisions of rule 955 of the California Rules of Court.

The disciplinary board unanimously adopted substantially all of the findings of the local administrative committee which had concluded that, in six separate matters, petitioner had "intentionally and knowingly placed herself in a position where her failure to perform the services for which she was retained was a natural and probable consequence of taking on more cases than she could handle and [of] her concentration on those which appealed to her emotionally." The committee found, further, that petitioner "manifested a pattern of behavior inimical to the best interests of her clients," in violation of her oath and duties as an attorney (see Bus. & Prof. Code, §§ 6103, 6067, 6068), and that petitioner's conduct involved moral turpitude, dishonesty and corruption (see *id.,* § 6106).

Petitioner, a sole practitioner, was admitted to the practice of law in this state on January 5, 1950. She has not been the subject of previous disciplinary proceedings. The local administrative committee found that in six independent legal matters between 1972 and 1976, petitioner wilfully (1) failed to perform within a reasonable period of time the duties for which she had been retained in all six cases; (2) failed to communicate with her clients in at least five of the six matters; and (3) misrepresented the status of pending legal matters to at least three clients.

After a careful review of the record, we conclude that petitioner has failed to sustain the burden of showing that the State Bar's findings are not supported by the evidence. (*Geffen* v. *State Bar* (1975) 14 Cal.3d 843, 852. [122 Cal.Rptr. 865, 537 P.2d 1225].) While we must independently reconsider the evidence, we give great weight to the findings below when based on conflicting testimony since the committee and board are "in a better position to evaluate conflicting statements after observing the demeanor of the witnesses and the character of their testimony." (*Himmel* v. *State Bar* (1971) 4 Cal.3d 786, 794 [94 Cal.Rptr. 825, 484 P.2d 993].) Here, petitioner, without any specificity, makes only conclusionary assertions that the findings are not supported by the record.

██ Serious misconduct exists if an attorney (1) wilfully fails to perform the legal services for which the attorney is retained and paid (*Lester* v. *State Bar* (1976) 17 Cal.3d 547, 551 [131 Cal.Rptr. 225, 551 P.2d 841]; *Ridley* v. *State Bar* (1972) 6 Cal.3d 551, 561 [99 Cal.Rptr. 873, 493 P.2d 105]); (2) wilfully fails to communicate with the client (*Spindell* v. *State Bar* (1975) 13 Cal.3d 253, 260 [118 Cal.Rptr. 480, 530 P.2d 168]); or (3) knowingly misrepresents to a client the status of the client's case (*Taylor* v. *State Bar* (1974) 11 Cal.3d 424, 432 [113 Cal.Rptr. 478, 521 P.2d 470]). Habitual neglect of client interests, constituting wilful or grossly negligent conduct, involves moral turpitude under Business and Professions Code section 6106. (*Grove* v. *State Bar* (1967) 66 Cal.2d 680, 683-684 [58 Cal.Rptr. 564, 427 P.2d 164].)

██ Petitioner has urged that, in several instances, her inattention to client problems was motivated by personal moral considerations. Accepting, as we may, the truth of such a contention, however, petitioner was obligated to follow and, to the extent appropriate, to implement the lawful instructions of her clients or to advise them that she was unable to do so, thus giving them the opportunity of seeking other counsel. By failing to communicate to her clients, petitioner breached her professional responsibility.

██ Petitioner seeks to introduce new evidence to show that the board's findings are based on bias or prejudice against her. Specifically, she claims that a practicing attorney who allegedly initiated the investigation by the local committee was motivated by spite toward her. She asserts that the attorney was substituted in the place of petitioner as counsel of record in one of the matters here under consideration, and that the attorney unsuccessfully sought appointment in her stead in another case. The personal motives which may have prompted initiation of a State Bar proceeding, however, are not controlling where the facts, disclosed independently, lead to a conclusion that discipline is warranted. (*Sodikoff* v. *State Bar* (1975) 14 Cal.3d 422, 431 [121 Cal.Rptr. 467, 535 P.2d 311].) Furthermore, petitioner has not availed herself of rule 21.20 (former rule 39.1) of the State Bar Rules of Procedure, which describes appropriate procedures for the introduction of newly discovered evidence in bar disciplinary matters. ██ Petitioner has "a duty to present to the local committee and to the board any evidence which he deemed favorable to himself. He may not neglect to do this and rightly demand in his petition for review either that such evidence should be considered by this court or that he is entitled to another hearing before

the State Bar." (*Coviello* v. *State Bar* (1955).45 Cal.2d 57, 65 [286 P.2d 357].)

 Concluding, as we do, that the findings of the disciplinary board should be upheld, we next consider whether petitioner's professional misconduct warrants the discipline recommended by the board. Ten board members voted to suspend petitioner from the practice of law in this state for six months. Two members objected on grounds that this was an inadequate penalty. One claimed it was excessive.

 Ordinarily, we attach great weight to the disciplinary recommendations of the board. (*Silver* v. *State Bar* (1974) 13 Cal.3d 134, 147 [117 Cal.Rptr. 821, 528 P.2d 1157].) However, we have on occasion imposed a more severe penalty when we have thought it appropriate (*Lester* v. *State Bar, supra,* 17 Cal.3d 547, 552), and have done so where an attorney's habitual disregard of his clients' interests or failure to render services is combined with misrepresentation, as in the present case. (*Ridley* v. *State Bar, supra,* 6 Cal.3d 551 [disbarment]; *Alkow* v. *State Bar* (1971) 3 Cal.3d 924 [92 Cal.Rptr. 278, 479 P.2d 638] [same]; *Grove* v. *State Bar, supra,* 66 Cal.2d 680 [same]; *Rock* v. *State Bar* (1962) 57 Cal.2d 639 [21 Cal.Rptr. 572, 371 P.2d 308, 96 A.L.R.2d 818] [two-year suspension].) We balance several relevant factors in determining that discipline which is appropriate. (*Bernstein* v. *State Bar* (1972) 6 Cal.3d 909, 919 [101 Cal.Rptr. 369, 495 P.2d 1289].) One fact which distinguishes the petitioner's case from others resulting in disbarment for similar misconduct is the absence of any prior disciplinary proceedings. In addition, in mitigation of the board's disciplinary recommendation, petitioner urges that we consider testimonial evidence of her many years of volunteer legal work for public causes. Although such work is most praiseworthy, it neither bears upon nor excuses petitioner's conduct in the six matters under review.

In our view, petitioner's actions constitute a serious pattern of misconduct, and as such invoke our obligations to protect the public and to maintain the integrity of the legal profession. (*Bradpiece* v. *State Bar* (1974) 10 Cal.3d 742, 748 [111 Cal.Rptr. 905, 518 P.2d 337].)

We have concluded that the recommended discipline is inadequate, and accordingly order that petitioner be suspended from the practice of law in this state for a period of two years, and that execution of the suspension be stayed upon the condition that petitioner actually be suspended for one year and that she be placed on probation for the

second year. It is further ordered that petitioner shall comply with the provisions of rule 955 of the California Rules of Court and shall perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 days, respectively, after the effective date of our order. As an additional condition of probation, we order that petitioner shall be required to pass the Professional Responsibility Examination within one year following the effective date of this order. (*Segretti* v. *State Bar* (1976) 15 Cal.3d 878, 891, fn. 8 [126 Cal.Rptr. 793, 544 P.2d 929].) This order shall be effectiv days after the filing of this opinion.

Petitioner's application for a rehearing was denied April 12, 1978. Bird, C. J., was of the opinion that the application should be granted.