[L.A. No. 30957. Nov. 28, 1978.]

ARTHUR A. WORTH, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

708

**COUNSEL**

Arthur A. Worth, in pro. per., for Petitioner.

Herbert M. Rosenthal and Truitt A. Richey, Jr., for Respondent.

**OPINION**

**THE COURT.**—We review recommendation of Disciplinary Board of the State Bar that petitioner Arthur A. Worth be disbarred. (Bus. & Prof. Code, § 6083, subd. (a); Cal. Rules of Court, rule 952(a).) Such recommendation is grounded on misappropriation of client's funds and presentation of false and fabricated testimony to the hearing panel, as found by the disciplinary board.

Petitioner, admitted to the practice of law in 1952, is currently in a probationary status for mishandling a client's funds and other related misconduct. (*Worth* v. *State Bar* (1976) 17 Cal.3d 337 [130 Cal.Rptr. 712, 551 P.2d 16].)

In December 1973 petitioner negotiated a $2,700 settlement of a claim for personal injuries to a minor. On December 12 the minor's mother,

Shirley Jensen, endorsed an insurance company draft and a "Parent's Release and Indemnity Agreement," notarized by petitioner on that date. Petitioner advised Mrs. Jensen the minor's net recovery—$1,633—would be deposited in a trust account. She testified that she thereafter received a letter dated December 14, 1973, setting forth an accounting of the proceeds from the insurance draft but that she did not then receive any money other than $151 reimbursement for medical expenses.

Petitioner denied mailing the letter, testifying that on December 14 Mrs. Jensen came to his office where the letter was dictated and delivered to her; that she demanded the $1,633; that he paid her in cash and she endorsed his office copy of the letter: "Received the above in cash. Shirley Jensen." Petitioner produced such an office copy bearing the purported, undated endorsement.

In 1974 Mrs. Jensen moved from California to Missouri and at that time attempted to obtain the $1,633 from petitioner. When no satisfactory response was received, she filed a complaint with the State Bar. Petitioner was given notice of the complaint in September 1975. Mrs. Jensen testified petitioner came to her Missouri home on August 10, 1976, and paid her $1,878 in currency, including $245 in interest.[1] She then endorsed the office copy of the letter of December 14 but at petitioner's request did not date her endorsement. Later, concerned about the lack of a date, she again wrote the State Bar.

Petitioner denies visiting Mrs. Jensen in Missouri or paying her any money other than the claimed payments in 1973. There is, however, other testimony of his presence in Mrs. Jensen's Missouri home. Two of her children identified petitioner and gave consistent accounts about the man's appearance and the circumstances of his visit, including the stacked currency left on the kitchen table after he departed.

Petitioner offered an alibi disputing his presence in Missouri on the day in question, but his alibi testimony is inconsistent with that of persons relied upon by petitioner.

The central factual issue is whether the receipt on the office copy of the letter of December 14, 1973 (hereinafter the "receipted 1973 letter") was executed by Mrs. Jensen on August 10, 1976, as she claims, or on December 14, 1973, as petitioner claims. As will appear, the resolution of

---

[1]The receipt by Mrs. Jensen of such a sum on that date is evidenced by a bank deposit record.

this issue is critical to the resolution of two charges of fabrication of evidence by petitioner.

After moving to Missouri, Mrs. Jensen applied for aid to dependent children and advised of the trust fund held by petitioner in California. A Missouri social worker testified petitioner did not respond to her inquiries. Petitioner testified he did respond by letter in 1974, and produced his office copy of such response on which is indicated the enclosure of a copy of the receipted 1973 letter.[2] At a 1976 deposition attended by petitioner in Missouri, the records of the Missouri social worker were received in evidence. Among such exhibits is a copy of the receipted 1973 letter. She testified persuasively, however, that such document was never received in her office in 1974 or at any other time and, because it did not conform to other exhibits submitted by her or to her markings thereon, was not in fact submitted by her as an office record.

The second charge of fabrication by petitioner involves a similar attempt to establish the existence of the receipted 1973 letter prior to August 10, 1976. After the State Bar had made its second letter inquiry to petitioner in September 1975, he claims he replied by cover letter dated September 26, 1975, denying any wrongdoing and enclosing a copy of the receipted 1973 letter. He produced an office copy of such cover letter. Officers of the State Bar denied receiving such a cover letter or its enclosure.

The State Bar hearing panel and the disciplinary board found to be false petitioner's testimony he had not visited Mrs. Jensen in Missouri, petitioner's representation to the State Bar in October 1975 that Mrs. Jensen had the money involved, petitioner's testimony he had forwarded in September 1975 a cover letter enclosing a copy of the receipted 1973 letter, that petitioner had fabricated such cover letter, and that petitioner had inserted a copy of the receipted 1973 letter into material from the office of the Missouri social worker and had testified falsely thereto.

■ We accord great weight to the findings of a hearing panel (see *Magee* v. *State Bar* (1975) 13 Cal.3d 700, 708 [119 Cal.Rptr. 485, 532 P.2d 133]; *Lewis* v. *State Bar* (1973) 9 Cal.3d 704, 712-713 [108 Cal.Rptr. 821, 511 P.2d 1173]). However, in State Bar disciplinary proceedings we also make independent findings of fact on review of the record and exercise independent judgment as to the discipline to be imposed. (See *Brotsky* v.

---

[2] The existence in 1974 of the receipted 1973 letter would, of course, support petitioner's claim of the origin of the receipted 1973 letter.

*State Bar* (1962) 57 Cal.2d 287, 300 [19 Cal.Rptr. 153, 368 P.2d 697, 94 A.L.R.2d 1310].) ■ We have examined the record carefully and are compelled to the conclusion the receipt on the office copy of the letter of December 14, 1973, was subscribed by Mrs. Jensen on August 10, 1976, with that finding it follows that we adopt the findings of the State Bar on all other issues.

Misappropriation of a client's funds is itself a serious offense (*Most* v. *State Bar* (1967) 67 Cal.2d 589, 599 [63 Cal.Rptr. 265, 432 P.2d 953]; *In re Urias* (1966) 65 Cal.2d 258, 262 [53 Cal.Rptr. 881, 418 P.2d 849]) warranting disbarment in the absence of extenuating circumstances (*Simmons* v. *State Bar* (1969) 70 Cal.2d 361, 366 [74 Cal.Rptr. 915, 450 P.2d 291]). No mitigating circumstances are offered in the instant case, petitioner continuing to urge only his innocence of any wrongdoing and procedural denials having no merit. Perhaps petitioner's greater offense is his fraudulent and contrived misrepresentations to the State Bar (see *Barreiro* v. *State Bar* (1976) 2 Cal.3d 912, 926 [88 Cal.Rptr. 192, 471 P.2d 992]; see also Pen. Code, § 134)—misrepresentations which he continues to make before this court.

On the record before us and in view of petitioner's prior misconduct, it is manifest his continued status as a member of the State Bar is inconsistent with the purpose of disciplinary proceedings to afford protection to the public, maintain the integrity of the legal profession, maintain high professional standards for attorneys and preserve public confidence in the legal profession. (See *Codiga* v. *State Bar* (1978) 20 Cal.3d 788, 796 [144 Cal.Rptr. 404, 575 P.2d 1186]; *Martin* v. *State Bar* (1978) 20 Cal.3d 717, 723 [144 Cal.Rptr. 214, 575 P.2d 757].)

It is ordered Arthur A. Worth be disbarred from the practice of law.