[L.A. No. 31110. Dec. 10, 1979.]

CARL L. CAIN, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

COUNSEL

Gibson, Dunn & Crutcher, Paul G. Bower and Robert A. Rizzi for Petitioner.

Herbert M. Rosenthal and Truitt A. Richey, Jr., for Respondent.

OPINION

**THE COURT.**—This is a proceeding to review the recommendation of a hearing panel of the Disciplinary Board of the State Bar of California that petitioner, admitted to practice in 1962, be suspended from the practice of law for one year, that the order of suspension be stayed, and that petitioner be placed on probation for three years commencing at the termination of a prior probation period, on specified terms and conditions.

Petitioner filed no objections to the findings of fact or discipline recommended by the hearing panel, and he did not file a petition for review until he was informed by this court that we were considering the imposition of more severe punishment. Petitioner does not presently challenge the panel's finding that he violated the Rules of Professional Conduct as hereafter set forth. Instead, he points to various mitigating circumstances in this case and urges that a more severe penalty than that recommended by the panel is not justified.

We first observe that petitioner has a substantial prior record of disciplinary action taken against him. In August 1976, we ordered petitioner suspended from practice for three years, with execution of suspension stayed, an actual suspension of six months imposed, and a probationary period of three years ordered, which period was to expire on August 5, 1979. Such discipline was imposed for several acts of misconduct which included mismanagement of client trust accounts and misappropriation of client funds during 1972 and 1973.

Thereafter, in June 1978, we extended the prior period of probation for an additional two years because of further acts of misconduct which included improperly claiming a lien for attorneys' fees upon a client's workers' compensation award, and commingling and misappropriating a client's funds for his own use. (*Cain* v. *State Bar* (1978) 21 Cal.3d 523,

525 [146 Cal.Rptr. 737, 579 P.2d 1053].) The foregoing acts also occurred during 1972 and 1973, and we pointed out in our 1978 opinion that petitioner had complied with all probation conditions theretofore imposed and had "demonstrated an ability to adhere to acceptable standards of professional behavior." (*Id.,* at p. 526.) We also observed that petitioner had "substantially restructured his law practice in such a manner as to minimize the likelihood of any recurrence of misconduct." (*Ibid.)* Accordingly, we rejected the disciplinary board's then recommendation that petitioner be disbarred, electing to impose the lesser punishment of extended probation. We were unaware, at the time we filed the foregoing opinion, of the pendency of the present charges against petitioner.

The present proceedings involve conduct of petitioner which occurred during the period from 1969 to 1977. In one count (the Dowell matter) petitioner was retained by his client to defend a personal injury action against the client. In January 1974, the client gave petitioner $2,150 in settlement of the suit and instructed petitioner to deliver these funds to the attorney representing the injured plaintiff. Petitioner failed to deliver the funds as directed by his client or to place them in a trust account. Instead, petitioner converted the funds to his own use, and failed to repay them until May 1975, several months after his client had discovered the conversion and had demanded repayment.

In a separate count (the Mackey matter) petitioner was retained in 1968 to represent clients in a dispute with Sears regarding equipment that they had left with Sears for repair. Petitioner advised his clients to withhold payment on their Sears account until a settlement of the dispute could be arranged. Unknown to his clients, in 1969 petitioner negotiated a settlement and received from Sears $78 on his clients' behalf. Petitioner failed to place the funds in a trust account and converted them to his own use. In 1971, Sears sued the clients on their unpaid balance, obtaining a $113 judgment. Unknown to his clients, petitioner satisfied the judgment in 1972 from his own funds. In 1974, the Mackeys first discovered that petitioner had obtained a settlement with Sears. As a result of petitioner's actions, the clients' credit rating with Sears was impaired.

Significantly, in the present proceeding the hearing panel also found that in 1977 petitioner testified falsely before the panel regarding both the Dowell and Mackey matters. The hearing panel concluded that petitioner committed the following disciplinary offenses by reason of his

separate failures: (1) To maintain a client trust account; (2) to place clients' funds in a safe place; (3) to maintain complete records of clients' funds in his possession; (4) to return promptly and on demand a client's funds, and conversion of clients' funds; and (5) to testify truthfully in a bar disciplinary proceeding. (See Rules Prof. Conduct, former rule 9 (now rules 8-101 (A), (B) (1)-(4)); Bus. & Prof. Code, § 6068, subd. (d).)

In mitigation, the panel observed that, with the exception of petitioner's failure to testify truthfully in 1977, most of his improper conduct occurred in 1974 and 1975; that petitioner had previously been suspended from practice for six months; that he had passed the Professional Responsibility Examination; and that he was no longer a sole practitioner but an employee of another attorney who currently supervised petitioner's conduct and controlled his receipt, handling and disbursement of funds. (We are informed by petitioner's counsel that petitioner's employer is now deceased and that petitioner is not presently engaged in legal practice.)

The panel, in its proposed decision, concluded that petitioner should be suspended for one year, that execution of suspension be stayed, and that petitioner be placed on probation for three years commencing at termination of his present probationary period, subject to specified conditions not at issue herein. The State Bar examiner, noting the serious nature of petitioner's misconduct, filed a statement (see rule 21.20, Rules Proc. of State Bar) opposing the hearing panel's recommended discipline, and urging that petitioner be disbarred.

In addition, the examiner requested review of the proposed decision by an advisory review panel (see rules 22.10-22.70). Following a conference at which petitioner was present, the advisory review panel recommended a period of 30 days' actual suspension in addition to the probationary period recommended by the hearing panel. Nevertheless, despite the contrary recommendations of both the examiner and the advisory review panel, the hearing panel adopted its proposed decision without change. As indicated previously, we notified petitioner that we were considering imposition of a more severe punishment than that recommended by the hearing panel.

Petitioner urges that we follow the panel's recommendation, correctly noting that ordinarily we attach great weight to a panel's disciplinary recommendations. (See *Hamilton* v. *State Bar* (1979) 23 Cal.3d 868,

878 [153 Cal.Rptr. 602, 591 P.2d 1254]; *Weir v. State Bar* (1979) 23 Cal.3d 564, 570, 576 [152 Cal.Rptr. 921, 591 P.2d 19].) He acknowledges, however, that we exercise our independent judgment in fixing appropriate discipline (*Weir, supra,* at p. 576) and that we have on numerous occasions imposed more severe penalties when we deemed it appropriate (*Martin v. State Bar* (1978) 20 Cal.3d 717, 723 [144 Cal.Rptr. 214, 575 P.2d 757]).

In view of petitioner's repeated inability over an extended period to conform his behavior to professional standards, and the serious nature of his present misconduct, it seems particularly appropriate to exercise our authority to impose a greater discipline than that recommended by the hearing panel.

■ We have repeatedly stated that misappropriation of a client's funds is a serious offense, and in the absence of mitigating circumstances, disbarment is an appropriate discipline for that offense. (*Weir v. State Bar, supra,* 23 Cal.3d 564, 576; *Worth v. State Bar* (1978) 22 Cal.3d 707, 711 [150 Cal.Rptr. 273, 586 P.2d 588].) As for petitioner's untruthful testimony, we stated in *Worth* that "fraudulent and contrived misrepresentations to the State Bar" may constitute perhaps a "greater offense" than misappropriation. (P. 711; see *Barreiro v. State Bar* (1970) 2 Cal.3d 912, 926 [88 Cal.Rptr. 192, 471 P.2d 992].) The petitioner in *Worth*, who had been placed on probation in 1976 for mishandling a client's funds and related misconduct, was disbarred following proof of similar misconduct and misrepresentations to the State Bar occurring in 1975, prior to the imposition of probation.

■ None of the mitigating circumstances relied upon by either the hearing panel or petitioner carries persuasive weight. The panel emphasized that the misappropriations occurred in 1974 and 1975, prior to the imposition of the original suspension and probationary period in 1976. Yet his untruthful testimony occurred in 1977, demonstrating petitioner's apparent lack of rehabilitation. The panel also observed that petitioner's activities were being supervised by another attorney; according to petitioner, such supervision would have made it "impossible to repeat the errors of the past." Unfortunately, as we have noted, supervision of petitioner's activities has now terminated by reason of the recent death of his employer. Moreover, petitioner overlooks the fact that his most recent misconduct involved untruthfulness in State Bar proceedings, thereby suggesting a character trait not readily subject to correction or cure by the supervision of others.

Finally, petitioner urges that he is a "neighborhood lawyer" providing "irreplaceable legal services" in Los Angeles. Yet petitioner offered no community testimonials by persons familiar with his neighborhood services declaring the high value of his work or urging leniency in this proceeding, despite the fact that petitioner is represented by independent counsel fully capable of gathering such evidence if it exists. At the panel hearings, the only character evidence offered by petitioner came from persons (including petitioner's employer, doctor and former secretary) who did confirm petitioner's good reputation for honesty in his community.

By reason of petitioner's misconduct and the extended period during which it occurred, it is ordered that Carl L. Cain be disbarred from the practice of law in this state, and that his name be stricken from the roll of attorneys, effective 30 days after the filing of this opinion. It is also ordered that he comply with the provisions of rule 955, subdivision (a), California Rules of Court within 30 days of the effective date of this order and that he file an affidavit with the clerk of this court as provided in subdivision (c) of the rule within 60 days of the effective date of the order showing his compliance with said order.

Petitioner's application for a rehearing was denied January 8, 1980.