[L.A. No. 31318. Dec. 29, 1980.]

ANDREW ROGERS, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

. . --

**COUNSEL**

A. Tod Hindin for Petitioner.

Herbert M. Rosenthal, Truitt A. Richey and Magdalene A. O'Rourke for Respondent.

**OPINION**

**THE COURT.**—Petitioner, Andrew Rogers, was admitted to the practice of law on June 19, 1968. In 1973, petitioner received a public reproval from the State Bar for acts of misconduct which included commingling of clients' funds (L.A. 2126). In May 1980 we suspended petitioner from the practice of law for one year (six months' actual suspension and six months' probation) for misappropriation of a client's settlement funds and wilful failure to communicate with clients (Bar Misc. No. 4250).

In the present proceeding, the record discloses further serious misconduct occurring during the period from May 1974 to June 1977, which misconduct included five separate counts of wilful commingling and misappropriation of clients' funds. Under these circumstances, we accept the State Bar's recommendation that petitioner be disbarred.

Because petitioner does not contest the findings of the Disciplinary Board of the State Bar, we briefly summarize those findings without additional review of the underlying evidence.

### 1. *THE S. MATTER*

In November 1975, client S. retained petitioner to represent him in a claim for damages. In May 1976, without the knowledge of S., petition-

er settled the claim for $400. In November 1976, petitioner falsely represented to S. that settlement negotiations were still pending. Thereafter, petitioner wilfully failed and refused either to communicate with S. or to respond to his inquiries until S. filed a complaint with the State Bar. Although petitioner has paid S. a portion of the settlement proceeds, $150 remains owing. The disciplinary board found that petitioner wilfully commingled and converted this $150 to his own use and benefit.

## 2. THE W. MATTER

In November 1975, client W. retained petitioner to represent him in asserting a damage claim. In March 1976, petitioner settled the claim for $2,103.62 and deposited the settlement proceeds in his trust account. Upon disbursing these proceeds, petitioner represented to W. that he was forwarding to the latter's physician $573 in payment of medical services. In fact, petitioner never paid the physician, but instead wilfully commingled and converted this sum to his own use and benefit.

## 3. THE M. MATTER

In May 1974, clients M. retained petitioner to represent them in their personal injury claim. Petitioner settled the claims for $3,396 and wilfully commingled and misappropriated $2,264 of the settlement proceeds to his own use and benefit. Unaware that petitioner had settled their claim, his clients retained other counsel to represent them. Despite counsel's request and a subsequent court order, petitioner wilfully failed and refused to forward the M. file to counsel.

## 4. THE F. MATTER

In January 1976, client F. retained petitioner to represent him in his personal injury claim. In May 1976, without informing F., petitioner settled the claim for $1,500 and wilfully commingled and misappropriated $1,000 thereof for his own use and benefit.

## 5. THE B. et al. MATTER

In November 1976, client B. and others retained petitioner to represent them in their personal injury claims. In March 1977, petitioner was informed by B.'s new counsel that he was discharged. Nevertheless,

petitioner settled the B. claim for $5,900 without his former clients' knowledge, signing the clients' names on the settlement drafts. Petitioner wilfully failed and refused to forward any of the proceeds to his former clients but instead wilfully commingled and converted the settlement proceeds to his own use and benefit.

In connection with each of the five matters summarized above, petitioner required his clients to sign a retainer agreement which purported to authorize him to settle their claims, collect settlement proceeds on their behalf, endorse any settlement checks in their names, and disburse proceeds to pay expenses, including attorney's fees. Petitioner does not presently contend, however, that the retainer agreement either excused or mitigated his conduct, and indeed the record indicates that his clients either did not read, or failed to understand, the terms of the agreement. Accordingly, we need not reach the question of the propriety or legal effect of such agreements.

### DISCUSSION

The State Bar hearing panel recommended that petitioner be disbarred for his misconduct. Pursuant to former rule 22.10 et seq., of the State Bar Rules of Procedure, an advisory review panel reviewed the hearing panel's findings and, by an eight-to-two vote, recommended the lesser discipline of a three-year suspension (one year actual suspension and two years of probation). Thereupon, the hearing panel voted unanimously to reject the recommendation of lesser discipline and again to recommend that petitioner be disbarred. (See former rule 23.10 et seq.)

Petitioner has filed a petition for review of the disbarment recommendation, contending that such discipline is "excessive and should not be imposed...." He observes that under present procedures the recommendations of the review department would be binding on the State Bar. (See present rule 452, Rules Proc. of State Bar.) Petitioner concedes, however, that under the procedures in effect at the time of the proceedings below, the recommendations of the review panel were advisory only. (Former rule 22.50.)

Petitioner, who accepts as true the findings of the hearing panel summarized above, makes no other arguments to support his contention that disbarment is inappropriate in this case. We conclude that disbarment is necessary to protect the public and to maintain public confidence in the court and the legal profession. As we recently ob-

served, misappropriation of a client's settlement proceeds "is a most grievous breach of professional ethics and morality, and such conduct is certain to endanger the confidence of the public in the legal profession. [Citations.] The usual discipline imposed for such a breach is disbarment, in the absence of strong mitigating circumstances. [Citations.]" (*Bradpiece* v. *State Bar* (1974) 10 Cal.3d 742, 746-747 [111 Cal.Rptr. 905, 518 P.2d 337]; see *Cain* v. *State Bar* (1979) 25 Cal.3d 956, 961 [160 Cal.Rptr. 362, 603 P.2d 464], and the cases cited therein.)

Petitioner asserts no mitigating factors whatever. He expresses no remorse for his actions which fall far short of the most minimal standards in his relations with several clients. He makes no offer of restitution. In the light of petitioner's prior disciplinary record, his repeated misappropriations of clients' settlement proceeds, and the total absence of any mitigating circumstances, the board's recommendation of disbarment must be accepted.

It is ordered that Andrew Rogers be disbarred from the practice of law in this state and that his name be stricken from the roll of attorneys, effective 30 days after the filing of this opinion. It is also ordered that he comply with the provisions of rule 955, subdivision (a), California Rules of Court within 30 days of the effective date of this order and that he file an affidavit with the clerk of this court as provided in subdivision (c) of the rule within 60 days of the effective date of the order showing his compliance with said order.