[L.A. No. 31328. Apr. 6, 1981.]

STEVEN EDMONDSON, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

**COUNSEL**

Steven Edmondson, in pro. per., for Petitioner.

Herbert M. Rosenthal, Truitt A. Richey, Jr., and Scott J. Drexel for Respondent.

OPINION

THE COURT.*—This is a proceeding to review the State Bar's recommendation that Steven Edmondson be suspended from the practice of law for three years on conditions of probation including one-year actual suspension.

Petitioner was admitted to practice in 1955 and has a record of prior discipline. He was privately reproved in 1977 for affixing two signatures to a settlement check without consent of the payees. The present State Bar recommendation is based on findings that petitioner (1) misappropriated $3,048 from two clients and (2) obtained possession of an automobile by deceitful means from the mother of a deceased client. Petitioner claims that the findings in the second matter are not supported by substantial evidence and that the recommended discipline is excessive.

I.

Beginning in 1973, petitioner represented Mr. and Mrs. Roberts, who were defendants in a 1977 civil suit that settled with an agreement as to stipulated installment payments. On November 28, 1977, Mrs. Roberts gave petitioner the final payment of $3,048.07 to be forwarded to the opposing attorney. When petitioner took this check to his bank, he discovered that his trust account contained $9,000 less than he expected, and that the balance therefore would not cover outstanding checks given to creditors of another business in which petitioner was a partner.

Petitioner then took the Roberts' check to their bank and had a cashier's check made out to himself. The next day, in what petitioner described as a state of panic, he cashed the check and disbursed the money to holders of uncollectible checks drawn on petitioner's trust account.

Petitioner did not contact his clients but did call their opposing attorney to ensure that their property would not be levied upon. When contacted six weeks later by his clients, petitioner told Mr. Roberts that

---

*Before Bird, C. J., Tobriner, J., Mosk, J., Richardson, J., Newman, J., Paras, J.,† and Hopper, J.†

---

†Assigned by the Chairperson of the Judicial Council.

petitioner had had trouble with his trust account and would cover the check in a few days. After receiving several promises, Mr. Roberts paid the final settlement installment directly and sued petitioner for the $3,048 plus interest and attorney fees. Petitioner did not contest the suit and eventually paid the judgment.

Petitioner represented a Robert Loether from 1971 until his death intestate in 1977. Loether was substantially in debt to petitioner and in 1975 gave petitioner title to an automobile as security for a loan. Loether's mother was his sole heir and had possession of the car at the time of his death. She and petitioner agreed that if an inspection showed the car to be worth about $1,000, petitioner would pay her $400 in exchange for an assignment of her interest in the automobile.

On January 14, 1978, petitioner and a car dealer, who was also a mechanic, went to Mrs. Loether's home to inspect the car. The car dealer found major problems with the car, had difficulty starting it and valued the car at only $600. He took the car for a test drive and did not return. Petitioner went out to look for the car dealer but was unsuccessful. Petitioner learned later that day that the dealer had driven the car to his own home after becoming concerned about the car's safety while on the freeway. Petitioner claims that the dealer took the car home without his consent.

Petitioner then suggested a reduced price of $300, which Mrs. Loether apparently rejected although the figure seemed reasonable to her attorney. She obtained a $400 judgment against petitioner in small claims court and petitioner paid the judgment.

■ The only evidence introduced on the Loether matter at the State Bar hearing consisted of petitioner's answers to requests for admissions and his testimony when called as an adverse witness. The State Bar claims that the finding of deceit by petitioner is supported by several facts. First, the road test commenced despite the low valuation of the car by the mechanic. Second, the car was tested in inclement weather. Third, the test took place after the attorney and the dealer were aware of the mechanical problems, having tried to start the car for one and one-half hours. None of these circumstances is inconsistent with petitioner's contention that the mechanic acted without permission in taking the car home.

The State Bar also contends that the hearing panel concluded that petitioner's denials were not worthy of belief. Even assuming this to be the case,[1] it is well settled that the rejection of testimony "does not create affirmative evidence to the contrary of that which is discarded." (*Lubin v. Lubin* (1956) 144 Cal.App.2d 781, 795 [302 P.2d 49].) Further, "[t]he fact that one testifies falsely may . . . afford an inference that he or she is concealing the truth but it does not reveal the truth itself or warrant an inference that the truth is the direct converse of the rejected testimony." (*Estate of Bould* (1955) 135 Cal.App.2d 260, 265 [287 P.2d 8, 289 P.2d 15].)

Since petitioner's testimony that he did not instruct the mechanic to take the auto elsewhere was neither contradicted nor impeached, the State Bar may not simply ignore such testimony. "Where testimony is uncontradicted and unimpeached, it may not be arbitrarily disregarded, but should be regarded as proof of the fact testified to, especially where contrary evidence, if it existed, would be readily available but was not offered." (*Am-Cal Investment Co. v. Sharlyn Estates, Inc.* (1967) 255 Cal.App.2d 526, 543 [63 Cal.Rptr. 518].)

The charge of deceit with respect to the Loether matter is not supported by convincing proof and to a reasonable certainty, and therefore this charge must be dismissed. (See *Skelly v. State Bar* (1973) 9 Cal.3d 502, 508-509 [108 Cal.Rptr. 6, 509 P.2d 950].)

## II.

The final issue is whether the recommended discipline is excessive. Petitioner contends that it is, arguing that the State Bar improperly considered the Loether charge. However, the hearing panel made a specific finding that the Loether matter had "only a slight bearing on the recommendation for discipline." Moreover, this court is not bound by the recommendations of either the hearing panel or the review board. (*Sturr v. State Bar* (1959) 52 Cal.2d 125, 127 [338 P.2d 897].)

■ Based on the undisputed misconduct in the Roberts case, a one-year period of actual suspension is justified. (See *Worth v. State Bar*

[1]The State Bar's reliance on *Barreiro v. State Bar* (1970) 2 Cal.3d 912 [88 Cal.Rptr. 192, 471 P.2d 992] is misplaced. In that case, ample documentary evidence, including notes in the attorney's handwriting, formed the basis for discrediting his testimony and finding that he had testified falsely before the committee. In the present case, the State Bar failed to produce any evidence to suggest that petitioner's testimony was false.

(1976) 17 Cal.3d 337, 341 [130 Cal.Rptr. 712, 551 P.2d 16]; *Glickman* v. *State Bar* (1973) 9 Cal.3d 179, 184 [107 Cal.Rptr. 65, 507 P.2d 593].) Petitioner knowingly and intentionally misappropriated client funds for the purpose of satisfying debts of his other business. Misappropriation of funds entrusted to an attorney is a serious breach of ethics which may endanger public confidence in the legal profession. (*Schultz* v. *State Bar* (1975) 15 Cal.3d 799, 803 [126 Cal.Rptr. 232, 543 P.2d 600]; *Benson* v. *State Bar* (1971) 5 Cal.3d 382, 387 [96 Cal.Rptr. 30, 486 P.2d 1230].)

Petitioner has shown no circumstances in mitigation. The fact that he did not lie to his clients or that their property was not levied upon cannot be considered in mitigation. His further claim that restitution should be considered in his favor is tempered by the fact that the Roberts were repaid only after the filing of these charges before the State Bar. "[Such] restitution is entitled to no weight as a mitigating circumstance." (*Fitzpatrick* v. *State Bar* (1977) 20 Cal.3d 73, 88 [141 Cal.Rptr. 169, 569 P.2d 763]. See also *Sevin* v. *State Bar* (1973) 8 Cal.3d 641, 646 [105 Cal.Rptr. 513, 504 P.2d 449].) Moreover, petitioner's prior private reproval for similar misconduct is a factor in favor of the imposition of discipline. (*Benson* v. *State Bar* (1975) 13 Cal.3d 581, 590 [119 Cal.Rptr. 297, 531 P.2d 1081].)

III.

This court dismisses the Loether charges. With respect to the Roberts matter, this court adopts the recommendation of the State Bar and orders that petitioner (1) be suspended for three years on specified conditions of probation, including one-year actual suspension; (2) be required to comply with rule 955 of the California Rules of Court and that he be required to perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 days respectively after the effective date of this order. It is further ordered that he pass the Professional Responsibility Examination within one year of the effective date of this order, and that he report to the State Bar on a regular basis as outlined in the bar's proposed decision. This order is effective 30 days after the filing of this opinion.