[L.A. No. 31686. Nov. 10, 1983.]

RANDLE H. BATE, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

COUNSEL

Walter R. Decaen for Petitioner.

Herbert M. Rosenthal, Truitt A. Richey, Jr., Mary A. Tan Yen and Antonia Darling for Respondent.

OPINION

**THE COURT.**—Petitioner Randle Bate was admitted to the practice of law in California in 1969, and has no prior disciplinary record. In October 1980, the State Bar charged petitioner with wilfully misappropriating monies entrusted to him by two separate clients. The State Bar Review Department recommends that petitioner be suspended from the practice of law for a period of five years and that execution of suspension be stayed and petitioner placed on probation for five years with actual suspension for the first three years, and other specified conditions.

Petitioner sought review of the bar's recommendation after being advised that we were considering imposition of more severe discipline. Although petitioner concedes that he wilfully misappropriated a client's funds, he contends that the discipline recommended by the review department is adequate and should not be increased by us.

We conclude that although the review department's recommendation regarding the period of suspension and probation is adequate, it should be supplemented by requiring that petitioner make restitution in the sum of $2,221.15 to his client, Paula H. (H.).

FACTS

Petitioner, a practicing attorney in the Los Angeles area for 10 years, was charged with wilfully misappropriating monies belonging to one client and wilfully misappropriating funds entrusted to him for the medical expenses of another client. Because petitioner was absent from this country voluntarily while a fugitive from justice in another matter, the State Bar Court hearing panel was unable to locate him and served notice of the pending hearing by means of publication. Hearing was held in the absence of petitioner or counsel on his behalf. The panel found both charges of misappropriation to be true and recommended disbarment. It noted that petitioner had no prior disciplinary record, although he had been suspended by the State Bar for nonpayment of dues.

In accordance with the practice of the State Bar, the review department reviewed the panel's decision (Rules Proc. of State Bar, rule 450(b)). At the hearing, petitioner, then in state prison following his arrest and conviction for crimes involving possession and sale of narcotics, was represented by appointed counsel. The review department adopted, with slight amendment, the panel's findings of fact as to count one involving H., but found that there was no clear and convincing evidence to support the allegations regarding the second matter. By a vote of eight to six, it modified the panel's recommendation by reducing the discipline as described above. (Of the dissenters, four members believed that the discipline imposed was excessive, while two members believed that the record did not contain clear and convincing evidence to support any finding of misconduct.)

As previously indicated, although petitioner does not dispute the findings or recommendations of the review department, he urges us not to impose more severe discipline. Thus, the only issue before us is the appropriate degree of discipline.

The sustained misappropriation allegation was based upon the following facts: On April 8, 1977, H. was involved in an automobile collision. She retained petitioner, on a 33 percent contingency fee basis, to represent her in the negotiation and prosecution of the ensuing personal injury lawsuit. Toward the end of 1977, H. contacted petitioner in order to determine the status of her suit. She was first informed that the matter had not been concluded due to difficulties with the insurance company and then that petitioner "had left town." Upon engaging another attorney, H. learned that petitioner had indeed negotiated a settlement of her claim in September 1977 and had converted the settlement funds in the amount of $2,221.15 to his own personal use without her knowledge or consent. Petitioner has not made any attempt to repay the misappropriated funds.

## DISCUSSION

■ There is no doubt that the wilful misappropriation of a client's funds involves moral turpitude. (*Finch* v. *State Bar* (1981) 28 Cal.3d 659, 665 [170 Cal.Rptr. 629, 621 P.2d 253]; *Brody* v. *State Bar* (1974) 11 Cal.3d 347, 350 [113 Cal.Rptr. 371, 521 P.2d 107].) As a serious breach of professional ethics which may endanger the confidence of the public in the legal profession, such action is subject to severe discipline. (*Bradpiece* v. *State Bar* (1974) 10 Cal.3d 742, 746 [111 Cal.Rptr. 905, 518 P.2d 337]; *Demain* v. *State Bar* (1970) 3 Cal.3d 381, 387 [90 Cal.Rptr. 420, 475 P.2d 652].) ■ Indeed, although less severe discipline may be appropriate in a particular case (see *Brody* v. *State Bar, supra,* 11 Cal.3d 347, 350; *Person* v. *State Bar* (1973) 9 Cal.3d 456, 462 [107 Cal.Rptr. 708, 509 P.2d 524]),

nevertheless in the absence of mitigating circumstances the usual penalty is disbarment (*Worth* v. *State Bar* (1978) 22 Cal.3d 707, 711 [150 Cal.Rptr. 273, 586 P.2d 588]; *Athearn* v. *State Bar* (1977) 20 Cal.3d 232, 237 [142 Cal.Rptr. 171, 571 P.2d 628].)

As we said in *Yapp* v. *State Bar* (1965) 62 Cal.2d 809, 819 [44 Cal.Rptr. 593, 402 P.2d 361], "there is no conformity as to punishment ascertainable from the [misappropriation] cases. Each case must be decided on its own facts." ■ Although we give great weight to the disciplinary recommendations of the review department (see *Tenner* v. *State Bar* (1980) 28 Cal.3d 202, 206-207 [168 Cal.Rptr. 333, 617 P.2d 486]; *Cain* v. *State Bar* (1979) 25 Cal.3d 956, 960 [160 Cal.Rptr. 362, 603 P.2d 464]), we occasionally have imposed more severe penalties when we deemed it appropriate. (*Cain, supra,* at p. 961; *Martin* v. *State Bar* (1978) 20 Cal.3d 717, 723 [144 Cal.Rptr. 214, 575 P.2d 757].)

In *Yokozeki* v. *State Bar* (1974) 11 Cal.3d 436, 451 [113 Cal.Rptr. 602, 521 P.2d 858], we stated that an attorney's attitude toward the discipline hearing may be considered in determining the appropriate discipline. *Yokozeki* involved an attorney suspended from practice for five years or until full restitution had been made, whichever was greater. The attorney had misappropriated $14,000, repeatedly declined to appear in California to answer the charges and, when finally appearing, was unrepentant in his conduct.

Here, petitioner misappropriated more than $2,000 in clear breach of his fiduciary responsibilities. The recommended discipline is not excessive in light of the amount of funds misappropriated, petitioner's initial casual response to this proceeding, and his failure to make or offer to make restitution to his client. His diversion of these funds cannot be condoned.

Nor do we consider the proposed discipline too lenient given the mitigating circumstances offered by petitioner, specifically, the receipt by petitioner and his family of death threats in connection with his testimony in an impending unrelated action, and his use of the misappropriated funds to travel outside the country in order to "think the matter out."

■ Although the discipline recommended by the review department appears sufficient in terms of the duration of suspension and probation, we find it inadequate because it does not require restitution. ■ Our basic concerns in imposing discipline are not punitive, but rather the protection of the public, the maintenance of the highest professional standards for attorneys and the preservation of the integrity of, and confidence in, the legal profession. (*Garlow* v. *State Bar* (1982) 30 Cal.3d 912, 917 [180

Cal.Rptr. 831, 640 P.2d 1106].) Petitioner not only breached his professional responsibilities but in so doing caused financial harm to his client. As far as the record reveals he has made no attempt to repay any of the funds. It is therefore appropriate that petitioner be required to make restitution to H. of the $2,221.15 which he wilfully misappropriated before execution of his actual suspension is stayed. (*Lavin* v. *State Bar* (1975) 14 Cal.3d 581, 586 [121 Cal.Rptr. 729, 535 P.2d 1185]; *Mrakich* v. *State Bar* (1973) 8 Cal.3d 896, 907 [106 Cal.Rptr. 497, 506 P.2d 633].)

Accordingly, we accept the State Bar's recommendation that petitioner be suspended from the practice of law for five years; that execution of suspension be stayed and petitioner be placed on probation for five years with actual suspension for three years, or until restitution in the sum of $2,221.15 has been made and satisfactory proof thereof has been furnished to the State Bar, whichever is later, and subject to all of the conditions of probation recommended by the State Bar in the report of its review department in this matter dated April 27, 1982. Because petitioner currently is incarcerated, according to the record before us, the terms of his suspension and probation shall commence to run upon his release from confinement.