[S. F. No. 21310.   In Bank.   Sept. 19, 1963.]

DANIEL HALEY, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Daniel Haley, in pro. per., for Petitioner.

Garrett H. Elmore and Herbert M. Rosenthal for Respondent.

THE COURT.—Petitioner, Daniel Haley, was admitted to practice law in this state in 1951. The local administrative committee and the Board of Governors of the State Bar found that in January 1961 petitioner received a settlement check of $5,000 in a personal injury matter he had handled for a client; in this remittance, as petitioner knew, the State Compensation Insurance Fund had an interest of $3,750 pursuant to its lien claim which had been settled for that

amount. Petitioner deposited the check in his trustee account and thereafter appropriated to his own use the sum of $3,750 belonging to the Fund. ▮ The Board of Governors by a vote of nine to six[1] recommends that petitioner be suspended from practice for a period of one year. Such discipline appears amply warranted.

At the hearing before the board, in November 1962, petitioner stated that he had made arrangements to borrow $3,750 from his brother the following month for repayment to the Fund; that he had not discussed such arrangements with the Fund, to which he had as yet paid nothing; that the Fund had indicated "that they would be willing to accept partial payment, or any plan," but petitioner had not "seen fit to discuss that with them" either. Neither in the petition for review, filed with this court in April 1963, nor in any later filing, does petitioner suggest that he has made even partial restitution. Rather, petitioner merely asserts—without reference to the record—that he has not wronged his client and that because he had no previous record of formal disciplinary proceedings the recommended one-year suspension is too severe.

Petitioner has thus utterly failed to sustain his burden of showing lack of support for or injustice in the recommendation of the Board of Governors. (California Rules of Court, rule 59(a)*; *Sullivan* v. *State Bar* (1958) 50 Cal.2d 491, 501 [1, 2] [326 P.2d 138]; *Hyland* v. *State Bar* (1963) 59 Cal.2d 765, 767 [31 Cal.Rptr. 329, 382 P.2d 369].) He does not deny misappropriation of the $3,750. The one-year suspension recommended is not excessive. (See *Bodisco* v. *State Bar* (1962) 58 Cal.2d 495, 498 [24 Cal.Rptr. 835, 374 P.2d 803]; *Krieger* v. *State Bar* (1954) 43 Cal.2d 604, 611 [8] [275 P.2d 459]; cf. *Resner* v. *State Bar* (1960) 53 Cal.2d 605, 612 [1] [2 Cal.Rptr. 461, 349 P.2d 67].)

It is therefore ordered that petitioner be suspended from the practice of law for the period of one year, commencing 30 days after the filing of this order.

---

[1]The six negative votes were on the ground that the degree of discipline was too severe; one board member who voted in the affirmative thought it was too mild.

*Formerly Rules on Original Proceedings in Reviewing Courts, rule 59(a).