[L.A. No. 30197. In Bank. Apr. 26, 1974.]

DENIS J. BRODY, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

## Counsel

Joe A. Austere for Petitioner.

Herbert M. Rosenthal and Stanton G. Darling II for Respondent.

## Opinion

**THE COURT.**—This is a proceeding to review a recommendation of the Disciplinary Board of the State Bar of California that petitioner be suspended from the practice of law for one year and until he makes satisfactory restitution, but in no event no more than two years.[1] The board's recommendation follows that of the local administrative committee which found that petitioner wilfully commingled and misappropriated his client's funds, committing acts involving moral turpitude in violation of his oath and duties as an attorney. (West's, Bus. & Prof. Code, foll. § 6076, rule 9 [Deering's, Rules of Professional Conduct, rule 9]; Bus. & Prof. Code,

---

[1] The State Bar has acknowledged that restitution has now been made.

§§ 6103, 6106.) We are satisfied that the discipline recommended by the board is justified.

Petitioner, Denis J. Brody, was admitted to practice law in California in 1966. He has no prior disciplinary record. In 1967 petitioner represented Harry Bedell in two personal injury actions culminating in a settlement of $30,000 in one case and a judgment of $16,650 plus $221.45 costs in the other. Upon receipt of these funds petitioner deposited them in what he had designated as a trust account at Security Pacific Bank. It appears, however, that petitioner had opened this purported trust account with personal funds and in fact used it as a personal account.[2] In addition, petitioner attached a personal Master Charge and Ready Reserve account to the purported trust account authorizing the bank to make automatic withdrawals for the required monthly payments.[3] ██ It is undisputed that by commingling personal and client funds in this manner petitioner failed to adhere to the Rules of Professional Conduct.[4]

The board further found that petitioner had converted funds of his client, Harry Bedell, for his own use. After deducting attorney fees and costs, Bedell's net recovery in the personal injury actions referred to above was $24,989.80. Of this amount, $12,239.80 was subject to four liens; an $8,000 workmen's compensation insurance lien in favor of Industrial Indemnity Company, a $2,490.50 lien for medical services in favor of Dr. Alaia, a $1,675.80 lien for hospital services in favor of Los Altos Hospital, and a $73.50 lien for a back brace in favor of John A. Metzger Co., Inc. Petitioner paid the workmen's compensation lien and turned over $11,038.55 to Bedell. Petitioner, however, withheld the remaining $1,711.45 owed to Bedell and refused to pay the $4,239.80 owed to Bedell's three medical lien creditors.

The board found that since 1969 petitioner had wrongfully retained a total of $5,951.25 due his client. Noting that several times in 1971 the

---

[2]During 1971 petitioner regularly deposited his own personal salary checks in the purported trust account and frequently drew checks payable to "cash" or to named payees who were neither clients nor creditors of clients.

[3]The record shows that withdrawals were in fact made.

[4]Rule 9, Rules of Professional Conduct, provides in pertinent part: "A member of the State Bar shall not commingle the money or other property of a client with his own; and he shall promptly report to the client the receipt by him of all money and other property belonging to such client. Unless the client otherwise directs in writing, he shall promptly deposit his client's funds in a bank or trust company, authorized to do business in the State of California, in a bank account separate from his own account and clearly designated as 'Clients' Funds Account' or 'Trust Funds Account,' or words of similar import." (West's Bus. & Prof. Code, foll. § 6076, rule 9 [Deering's, Rules of Professional Conduct, rule 9].)

balance in petitioner's purported trust account had fallen below this figure, the board concluded that petitioner *wilfully* appropriated his client's funds for personal use and benefit. Objecting to this finding, petitioner contends that as a result of an inadvertent mathematical error he was unaware of any financial obligation to his client in excess of the $4,239.80 he held to cover the liens of the three medical creditors. ██ ██ Petitioner then argues that since the balance in the purported trust account never fell below $4,239.80 there is no proof that his misappropriation was wilful or involved moral turpitude.[5] ██ As we have often said, petitioner has the burden of showing that the findings of the disciplinary board are not supported by the evidence or that its recommendation is erroneous or unlawful. (*Lewis* v. *State Bar,* 9 Cal.3d 704, 712 [108 Cal.Rptr. 821, 511 P.2d 1173]; *Eschwig* v. *State Bar,* 1 Cal.3d 8, 15 [81 Cal.Rptr. 352, 459 P.2d 904, 35 A.L.R.3d 662].) Here that burden has not been sustained. The evidence that petitioner persistently refused to account to his client in the face of repeated demands to do so justifies the board's finding of wilful misappropriation.[6]

Petitioner also contends that the recommendation of a year's suspension is excessive and that a mere reproval would be sufficient. We do not agree. ██ Misappropriation of funds entrusted to an attorney is a gross violation of general moral principles as well as professional ethics and is likely to undermine public confidence in the legal profession. It merits severe punishment. (*Walter* v. *State Bar,* 2 Cal.3d 880, 891 [87 Cal.Rptr. 833, 471 P.2d 481]; *Most* v. *State Bar, supra,* 67 Cal.2d 589, 599.) Moreover, one year's suspension is not inconsistent with our holdings in other cases of misappropriation by an attorney with no prior disciplinary record. (See, e.g., *Bradpiece* v. *State Bar,* 10 Cal.3d 742, 748 [111 Cal.Rptr. 905, 518 P.2d 337] [one year actual suspension, four additional years probation];

---

[5] As to the $4,239.80 in liens petitioner attempted to justify his refusal to pay the medical creditors by claiming for himself a personal lien arising primarily from retainer fees Bedell allegedly incurred in six matters unrelated to the two personal injury actions. This defense is without merit. Even if petitioner were owed fees in unrelated matters, he admitted that he had no agreement with Bedell for a lien. It is well settled that an attorney may not unilaterally determine his own fee and withhold trust funds to satisfy it even though he may be entitled to reimbursement for his services. (*Crooks* v. *State Bar,* 3 Cal.3d 346, 358 [90 Cal.Rptr. 600, 475 P.2d 872]; *Most* v. *State Bar,* 67 Cal.2d 589, 597 [63 Cal.Rptr. 265, 432 P.2d 953].)

[6] Because petitioner continued to ignore his demands Bedell retained other counsel in 1970 and filed an action against petitioner based on fraud and breach of contract. This resulted in a judgment against petitioner for $5,685.62 compensatory damages, $127.50 in costs, and $1,000 exemplary damages. Execution on this judgment afforded partial satisfaction through garnishment of a bank account of petitioner in the amount of $2,918.69. The record shows a satisfaction of judgment with regard to the balance was filed in Los Angeles County Superior Court on March 8, 1974.

*Persion* v. *State Bar,* 9 Cal.3d 456, 462 [107 Cal.Rptr. 708, 509 P.2d 524] [one year actual suspension, two additional years of probation]; *Mrakich* v. *State Bar,* 8 Cal.3d 896, 907 [106 Cal.Rptr. 497, 506 P.2d 633] [one to three years actual suspension depending on the making of restitution]; *Benson* v. *State Bar,* 5 Cal.3d 382, 388 [96 Cal.Rptr. 30, 486 P.2d 1230] [one year actual suspension, four additional years probation]; *Haley* v. *State Bar,* 60 Cal.2d 404, 405 [33 Cal.Rptr. 609, 385 P.2d 1] [one year actual suspension]; *Burns* v. *State Bar,* 45 Cal.2d 296, 303 [288 P.2d 514] [two years, actual suspension].)

■ It is ordered that petitioner be suspended from the practice of law for a period of one year. It is further ordered that within 30 days after the effective date of this order petitioner shall perform the acts specified in rule 955, subdivision (a), California Rules of Court, and that within 60 days after the effective date of this order petitioner shall file with the clerk of this court, the affidavit provided for in subdivision (c) of the foregoing rule. This order is effective 30 days after the filing of this opinion.