[L.A. No. 30210. In Bank. Aug. 14, 1974.]

JAMES BARON OLIVER, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

## COUNSEL

James Baron Oliver, in pro. per., and Gregory E. Cabrera for Petitioner.

Herbert M. Rosenthal and Ronald W. Stovitz for Respondent.

## OPINION

**THE COURT.**—Petitioner was admitted to the State Bar of California in 1967 and began the private practice of law in 1968, maintaining offices in San Bernardino, Riverside, and Los Angeles Counties. He has a prior disciplinary record.

The facts, as found by the local administrative committee and concurred in by the disciplinary board, show that in the spring of 1969, petitioner was retained by complainant Fox, a real estate broker. Fox had several actions pending against him for the recovery of brokers' commissions and buyers' deposits. In one such action, defended by petitioner, a judgment of $2,000 plus costs and interest was obtained against Fox and another broker, O'Donnell.

Following the judgment, petitioner wrote to Fox, directing him to forward a check payable to the trust account to cover the judgment, costs, and interest. Petitioner informed his client the check would be sent to satisfy the judgment creditors, avoiding levy of writ of execution against Fox's accounts. In May 1969 petitioner received the requested check and in June deposited it in his trust account.

Although on several occasions petitioner withdrew funds from the account, he never forwarded money to the creditors.

The client testified he was unaware, until execution was levied on his bank account, that petitioner had failed to satisfy the judgment. Subsequent to the levy, Fox made numerous attempts, continuing until October 1969, to reach petitioner. In November of 1969 petitioner's phone service was terminated, and no means were provided for the parties involved in the Fox action to communicate with him.

Fox and O'Donnell were finally required to pay an additional sum of over $600 to meet their obligation. After commencement of these proceedings, petitioner made restitution.

Petitioner attempts to explain his handling of the Fox matter on the basis of inadvertence, secretarial problems, and recuperation from an operation. However, as found by the board, his explanations are vague and equivocal.

The local committee, finding violation of petitioner's oath and duty as an attorney (Bus. & Prof. Code, §§ 6103, 6067, 6068) and commission of acts involving dishonesty and moral turpitude (Bus. & Prof. Code, § 6106), recommended a three-year suspension from practice.

After independent review of the facts, the disciplinary board recommended petitioner be suspended for three years, with execution of the order stayed and petitioner placed on probation for three years. Recom-

mended conditions of probation include, among other things, actual suspension for one year.[1]

In its recommendation, the board noted consideration of prior disciplinary action taken against petitioner. (Rules of Proc. of the State Bar, rule 29.1.) The record showed that in July 1970 this court ordered petitioner suspended from practice for six months as a result of findings he willfully abandoned the interests of a client and knowingly made false statements to a State Bar committee.

Petitioner takes issue with the board's determinations, contending the evidence is insufficient to support the findings, the recommended discipline is excessive, and the prior disciplinary record was improperly considered.

■ Although petitioner questions the sufficiency of the evidence, he does not dispute the facts, which clearly show misappropriation. In light of undisputed facts demonstrating misconduct, we conclude petitioner has not sustained his burden of showing the evidence fails to support the findings. (*Lewis* v. *State Bar* (1973) 9 Cal.3d 704 [108 Cal.Rptr. 821, 511 P.2d 1173].)

Further, we are not convinced the recommended discipline is excessive. ■ Petitioner's misappropriation of trust funds was clearly a breach of professional ethics and ". . . the usual discipline imposed for such breach is disbarment, in the absence of strong mitigating circumstances." (*Bradpiece* v. *State Bar* (1974) 10 Cal.3d 742, 747 [111 Cal.Rptr. 905, 518 P.2d 337]; *Resner* v. *State Bar* (1960) 53 Cal.2d 605, 612-613 [2 Cal. Rptr. 461, 349 P.2d 67].)

We find it unnecessary to reach petitioner's contention that the board improperly considered his prior disciplinary record, since the discipline recommended here would have been appropriate even in the absence of such record.[2]

---

[1]Further conditions include: Compliance with the State Bar Act and Rules of Professional Conduct, filing of quarterly reports with the State Bar, review by a certified public accountant of petitioner's handling of clients' funds and financial records, and petitioner's prompt and proper answer to any inquiries by authorized representatives of the disciplinary board.

[2]He claims he never received notice of the disciplinary board hearing following his appearance before the local committee for the prior proceeding and that he was entitled to counsel at the hearing. He does not offer evidence to support his claim of lack of notice; and from the record, which shows petitioner himself cross-examined witnesses, it could reasonably be concluded he elected to proceed in propria persona. (See *Hyland* v. *State Bar* (1963) 59 Cal.2d 765 [31 Cal.Rptr. 329, 382 P.2d 369].)

It is noteworthy that the board's recommendation is substantially less severe than that of the local committee which advocated a three-year suspension. Moreover, the

 Therefore, it is ordered that petitioner be suspended from the practice of law for three years, with execution stayed and petitioner placed on probation for three years. The conditions of probation shall include actual suspension for one year and compliance with the conditions recommended by the disciplinary board. It is also ordered that petitioner comply with rule 955 of the California Rules of Court and that he perform the acts specified in subdivisions (a) and (c) within 30 and 40 days, respectively, after the effective date of this order. This order is effective 90 days after the filing of this opinion, and the period of probation shall commence as of the date on which the order becomes effective.

Petitioner's application for a rehearing was denied September 12, 1974.

---

recommended discipline is not inconsistent with that imposed in other cases of misappropriation without prior disciplinary records. (See *Haley* v. *State Bar* (1963) 60 Cal.2d 404 [33 Cal.Rptr. 609, 385 P.2d 1] (one year actual suspension); see also *Demain* v. *State Bar* (1970) 3 Cal.3d 381 [90 Cal.Rptr. 420, 475 P.2d 652] (five-year suspension with six months actual and restitution as a condition of probation); *Benson* v. *State Bar* (1971) 5 Cal.3d 382 [96 Cal.Rptr. 30, 486 P.2d 1230] (five-year suspension with one year actual).)