[No. H029767. Sixth Dist. July 15, 2008.]

DELIA STYLES, Plaintiff and Respondent, v.
EDWARD MUMBERT, Defendant and Appellant;
ANTHONY E. PAGKAS, Respondent.

**COUNSEL**

Robinson DiLando & Liebhaber, Robinson DiLando, Michel Angelo DiLando and Mark Kane for Defendant and Appellant.

Aspelin & Bridgman and John Henry Aspelin for Plaintiff and Respondent.

Law Offices of Anthony E. Pagkas and Christopher James D'Anjou for Respondent.

**OPINION**

**RUSHING, P. J.**—Respondent Delia Styles (Styles) obtained a default judgment of $730,000 against appellant Edward Mumbert, a licensed California bail agent (Mumbert). Mumbert appeals from this judgment. Mumbert has also sued the attorney who represented him in the action, Anthony Pagkas (Pagkas), for malpractice. While the appeal from the default judgment was pending, Styles assigned to Pagkas, for some undisclosed consideration, her interest in the default judgment. Pagkas now moves to substitute himself in place of Styles as respondent in the appeal from the default judgment. Mumbert opposes this motion. Finding that the proposed substitution violates multiple Rules of Professional Conduct as well as the Business and Professions Code, we will deny the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Styles sued Mumbert in the underlying action, and Mumbert retained Pagkas to represent him. During the time Pagkas represented Mumbert, the trial court ordered terminating sanctions against Mumbert for, among other things, failing to respond to discovery. After Pagkas admitted on the record that he did not have time to devote to the case, the trial court allowed Mumbert to retain new counsel. New counsel was unable to get the terminating sanctions order vacated, and the trial court entered a default judgment against Mumbert in the amount of $730,466. Herein, Mumbert appeals from this default judgment.

Mumbert has also filed suit against Pagkas for malpractice. Pagkas cross-complained for quantum meruit for services rendered. That suit is currently proceeding in the trial court.

While this appeal from the default judgment was pending, Styles assigned all her rights to that judgment to Pagkas for valuable, but undisclosed, consideration. Pagkas now seeks to substitute into this appeal as respondent, represented by another lawyer from his own law firm: the same firm which previously represented Mumbert in the underlying action.

## DISCUSSION

Claiming that he and Mumbert are now adverse parties as a result of the malpractice action, Pagkas argues that he should be allowed to step in as respondent in this default judgment appeal in order to "offset any [future malpractice] award" against him.

Mumbert vigorously opposes the motion. Mumbert argues that while Pagkas and Mumbert are adverse parties in another litigation, in this litigation, Pagkas is Mumbert's former attorney and continues to owe him professional duties. Mumbert contends that Pagkas's purchase of the judgment and request to substitute in as respondent violate Rules of Professional Conduct, rules 3-200 (prohibited objectives of employment), 3-300 (obtaining a pecuniary interest adverse to a client), 3-310 (representation of adverse interests), 3-100 (confidential information of a client).[1] Mumbert further contends that Pagkas's actions violate Business and Professions Code sections 6077, 6068, subdivision (g), 6128, and 6129.[2] Finally, Mumbert contends that

---

[1] All further rules references shall be to the Rules of Professional Conduct unless otherwise indicated.

[2] All further code references shall be to the Business and Professions Code, unless otherwise indicated.

Pagkas has violated well-settled fiduciary duty laws. Mumbert also requests sanction for having to oppose this motion.

■ Mumbert is correct. Pagkas's attempt to substitute into the appeal as respondent violates his fiduciary duty to Mumbert. The proposed substitution also violates the relevant Rules of Professional Conduct and the Business and Professions Code. Therefore, we will not allow it.

■ Few precepts are more firmly entrenched than the fiduciary nature of the attorney-client relationship, which must be of the highest character. (*Frazier v. Superior Court* (2002) 97 Cal.App.4th 23, 35 [118 Cal.Rptr.2d 129], citing *Yorn v. Superior Court* (1979) 90 Cal.App.3d 669, 675 [153 Cal.Rptr. 295].) So fundamental is this precept that an attorney continues to owe a former client a fiduciary duty even after the termination of the relationship. (*Zador Corp. v. Kwan* (1995) 31 Cal.App.4th 1285, 1293 [37 Cal.Rptr.2d 754].) For example, an attorney is forever forbidden from using, against the former client, any information acquired during such relationship, or from acting in a way which will injure the former client in matters involving such former representation. (*Frazier v. Superior Court, supra*, 97 Cal.App.4th at p. 35; *Yorn v. Superior Court, supra*, 90 Cal.App.3d at p. 675.)[3] These duties continue after the termination of the relationship in order to protect the sanctity of the confidential relationship between and attorney and client. (*People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.* (1999) 20 Cal.4th 1135, 1147 [86 Cal.Rptr.2d 816, 980 P.2d 371]; *Jeffry v. Pounds* (1977) 67 Cal.App.3d 6, 9 [136 Cal.Rptr. 373].)

■ Therefore, even though Pagkas no longer represents Mumbert, he continues to owe Mumbert the duty to protect their prior confidential relationship. Where a substantial legal and factual relationship exists between a former representation and the attorney's current position, a presumption arises that the attorney possesses confidential information about the former client which would be compromised if an attorney were allowed to take an adverse position after the representation ended. (*Fox Searchlight Pictures, Inc. v. Paladino* (2001) 89 Cal.App.4th 294, 300 [106 Cal.Rptr.2d 906]; *People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc., supra*, 20 Cal.4th 1135.) Typically, this becomes an issue where an attorney seeks to represent multiple adverse parties in successive representations. In those cases, the former client can step in and prevent the attorney from

---

[3] Rule 3-100(A) provides, "A member shall not reveal information protected from disclosure by Business and Professions Code section 6068, subdivision (e)(1) without the informed consent of the client, or as provided in paragraph (B) of this rule."

Section 6068, subdivision (e)(1), provides in relevant part, that it is a duty of a member: "To maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client."

representing his adversary in order to safeguard his confidences. (*City and County of San Francisco v. Cobra Solutions, Inc.* (2006) 38 Cal.4th 839, 847 [43 Cal.Rptr.3d 771, 135 P.3d 20].) Here, Pagkas is not only attempting to represent the opposing side, his is trying to *be* the opposing side in the very same litigation in which he represented Mumbert. There is more than merely a "substantial" legal and factual relationship between the prior representation and the current appeal. (*Fox Searchlight Pictures, Inc. v. Paladino, supra,* 89 Cal.App.4th at p. 300.) Since the appeal is from the judgment in which Pagkas represented Mumbert, it is the *same* case. Under any analysis, this scenario not only raises the presumption, but establishes for a certainty that Pagkas possesses confidential information adverse to Mumbert, which would be compromised if his motion were granted. Therefore, by objecting, Mumbert can prevent Pagkas from stepping into the shoes of his adversary in order to safeguard his confidences. The duty of confidentiality of client information involves public policies of paramount importance. (*In re Jordan* (1974) 12 Cal.3d 575 [116 Cal.Rptr. 371, 526 P.2d 523].) The preservation of confidentiality contributes to the trust that is the hallmark of the client-lawyer relationship. (Rule 3-100, Discussion, § 1.) Pagkas may not reveal or use confidential information, gained through his prior representation of Mumbert, in this appeal because it would be contrary to public policy and would undermine the very nature of the attorney client relationship.

Pagkas's contends that he should be entitled to reveal confidences to "defend himself." There is no legal support for his position. While he can reveal confidences to defend against a malpractice claim or in a fee dispute, this is not the malpractice action. (*Smith, Smith & Kring v. Superior Court* (1997) 60 Cal.App.4th 573, 580 [70 Cal.Rptr.2d 507]; see also Evid. Code, § 958; *Schlumberger Limited v. Superior Court* (1981) 115 Cal.App.3d 386, 392 [171 Cal.Rptr. 413].) This is the appeal from the actual action where he represented Mumbert. He wishes to step into the position of Mumbert's *adversary,* and he wants to be represented by an attorney from his own firm, the firm which previously represented Mumbert. He cites no authority that would allow him to do this; nor is there any such authority.

In addition to not being able to directly reveal or use confidences after the termination of the relationship, an attorney may not *act* in a way which would undermine his continuing duty to protect the confidential relationship. He may not, for example, take a position antagonistic to the former client, such as switching sides during pending litigation. (*City and County of San Francisco v. Cobra Solutions, Inc., supra,* 38 Cal.4th at pp. 846–847.) If we allowed Pagkas to substitute himself as respondent, in place of Styles, on appeal Pakgas would have to argue that the default judgment, for which he may be professionally responsible, should *not* be reversed. He would argue that the appeal should fail, so that he could collect on the default judgment. This is directly contrary to Mumbert's interest. While a reversal here would

be to Pagkas's absolute benefit in the legal malpractice action, reducing any potential damages for professional negligence owed to Mumbert, Pagkas appears to prefer the prospect of collecting the large default judgment from Mumbert. In fact, if the substitution were allowed, it is conceivable that Pagkas could prevail in both the malpractice action and in this appeal, leaving him with huge windfall at the expense of his former client.[4] Pagkas's disregard for his ongoing fiduciary duties to his former client in favor of his own personal gain is without precedent.

As officers of the court, attorneys are dutybound to act ethically, and, in fact, the public's regard for the legal profession, and in turn the legal system, depends to an extraordinary degree on the public's trust in the integrity of attorneys. (*Harford v. State Bar* (1990) 52 Cal.3d 93, 102 [276 Cal.Rptr. 74, 801 P.2d 317].) Breaches of the fiduciary duty, such as the failure to preserve client confidences, undermine public confidence in the judicial system and the profession. (*City and County of San Francisco v. Cobra Solutions, Inc., supra,* 38 Cal.4th at p. 851; *Murray v. State Bar* (1985) 40 Cal.3d 575, 583 [220 Cal.Rptr. 677, 709 P.2d 480].)

The misconduct in this case is serious, and is of the kind which undermines public confidence in the legal system. (*Maltaman v. State Bar* (1987) 43 Cal.3d 924, 958 [239 Cal.Rptr. 687, 741 P.2d 185].) By buying an interest in the judgment against his former client from his former client's opponent, and by seeking to oppose his client's efforts to reverse the judgment, Pagkas has violated a myriad of ethical duties. In bringing this motion, Pagkas, asks us, in effect, to endorse these actions. We cannot.

*Sanctions*

Pagkas's actions make a mockery of the Rules of Professional Conduct. We cannot conceive of, and the case law is devoid of, a scenario which could do more violence to the attorney-client relationship and the public trust in the legal system, than what Pagkas and his firm have done and seeks to do. Despite the well-founded opposition to the motion, citing to the relevant Rules of Professional Conduct and supporting case law, Pagkas and his attorney continue to urge that we grant the motion without cogent argument or citation to relevant supporting authority. Under these circumstances, sanctions

---

[4] Mumbert also makes several arguments why the assignment of the judgment is invalid, including that (1) torts cannot be assigned before a resulting judgment is final, and (2) the assignment violates rule 3-300, acquiring an interest adverse to a client. We need not address these issues because the validity of the assignment is not properly before us, and we will deny the motion on other grounds. Nor will we address Mumbert's contention that Pagkas's conduct violates sections 6077, 6128, 6129 and Civil Code section 1667, as these issues are outside the scope of this proceeding.

are appropriate. Sanctions are awarded in the amount of $5,260 to appellant Mumbert against Pagkas and his attorney, Christopher J. D'Anjou.

## DISPOSITION

Anthony E. Pagkas's motion for substitution of party and attorney is denied. Sanctions of $5,260 are awarded to appellant Mumbert against Pagkas and his attorney, Christopher J. D'Anjou. Respondent Delia Styles, having sold her interest in this action, and having failed to file a respondent's brief, is ordered to show cause within 15 days from the date of this opinion why her default should not be entered and the appeal proceed without opposition.

Premo, J., and Elia, J., concurred.